## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

FRONTLINE PLACEMENT TECHNOLOGIES, INC.,

                              Plaintiff,

        v.

CRS, INC.,

                              Defendant.

Civil Action No.: Not Yet Assigned

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Frontline Placement Technologies, Inc. ("Frontline"), by its attorneys, for its Complaint against Defendant CRS, Inc. ("CRS") alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the Patent Laws of the United States including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338(a) and 1331.

3.      This Court has personal jurisdiction over CRS pursuant to Pennsylvania's long arm statute, 42 Pa. C.S.A. §§ 5301 et seq.  Upon information and belief, CRS, acting alone or in concert with third parties, is engaged in substantial and not isolated activities within the Commonwealth of Pennsylvania, in part within this district, including

knowingly receiving money from the use of its infringing products and services in Pennsylvania, and intentionally selling products and services to third parties for use in Pennsylvania. CRS, acting alone or in concert with third parties, is making, using, selling, offering for sale, and/or endorsing infringing systems and methods in the Commonwealth of Pennsylvania. CRS, acting alone or in concert with third parties, has intentionally caused, and continues to cause, injury in Pennsylvania.

4.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PARTIES

5.      Frontline is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 5 Great Valley Parkway, Suite 150, Malvern, Pennsylvania 19355.

6.      Frontline is in the business of providing services and technologies that facilitate locating substitute workers to fill scheduled worker absences.

7.      Upon information and belief, CRS is organized and existing under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 500 Arch Street, Williamsport, Pennsylvania 17701.

8.      CRS competes with Frontline in the market for providing substitute worker location services.

## FACTUAL BACKGROUND

9.      In 1998, Frontline developed a system, referred to as Aesop, that facilitates automated posting of worker absences and scheduling of substitute workers to fill those absences. Users access the Aesop system via the Internet using a Web interface or via

a telephone interactive voice response (IVR) system.  Customers access Aesop to post worker absences for which substitutes are needed.  Substitute workers access Aesop to search for posted worker absences and to commit to filling vacancies.

      10.     Since creating Aesop, Frontline has been the fastest-growing automated substitute placement system in the education market, currently serving over 750 school districts in over 45 states.  Aesop has been embraced internationally as well and is used by customers in Canada, Australia, and the United Kingdom.

      11.     Upon information and belief, CRS acting alone or in concert with third parties, developed systems and services to compete against Frontline and Frontline's Aesop system.  CRS's systems and services include features and functions that were originally developed by Frontline and first appeared in Frontline's Aesop system.

### FRONTLINE'S 151 PATENT

      12.     On January 6, 2004, U.S. Patent No. 6,675,151 (the "151 patent"), titled "System and Method for Performing Substitute Fulfillment Information Compilation and Notification," was duly and legally issued by the United States Patent and Trademark Office ("PTO") in the names of Roland R. Thompson and Michael S. Blackstone.  A true and correct copy of the 151 patent is attached as Exhibit A.

      13.     Frontline is the assignee and owner of all rights, title, and interest in and to the 151 patent, including the right to assert all causes of action arising under the 151 patent and the right to any remedies for infringement of the 151 patent.

## FRONTLINE'S PRIOR LAWSUIT FOR
## INFRINGEMENT OF THE 151 PATENT

14.     CRS, by its making, using, selling, and offering to sell systems and services in competition with Frontline's Aesop system, infringed the 151 patent.

15.     On February 10, 2004, Frontline's predecessor entity, Frontline Data, Inc., filed an action (*Frontline Data, Inc. v. CRS, Inc.*, CA No. 2:04-cv-00570-ER (the "prior litigation")) in this district against CRS for infringement of the 151 patent.

16.     In November 2004, while the prior litigation was pending, Frontline Data, Inc. entered into an agreement (the "license agreement") with CRS granting CRS a limited license under the 151 patent.

17.     On November 8, 2004, and as a consequence of CRS having taken a license under the 151 patent, a Notice of Stipulated Dismissal Without Prejudice was filed in connection with the prior litigation.

## CRS'S BREACH OF THE LICENSE AGREEMENT AND
## INFRINGEMENT OF THE 151 PATENT

18.     As a condition of the limited license granted by Frontline, CRS was obligated, amongst other things, to pay royalties at a prescribed rate to Frontline.

19.     CRS breached the license agreement by failing to satisfy its obligations under the license agreement.

20.     Frontline notified CRS of its breach of the license agreement and provided CRS with an opportunity to cure the breach.

21.     CRS did not cure its breach.

22.     On June 15, 2007, in response to CRS's failure to meet its obligations under the license agreement and its refusal to remedy its breach, Frontline terminated the license agreement.

23.     Upon information and belief, even though the license agreement has been terminated, CRS continues making, using, selling, and offering to sell systems and services that result in infringement of Frontline's rights under the 151 patent.

## COUNT FOR PATENT INFRINGEMENT

24.     Frontline incorporates herein the allegations set forth in paragraphs 1-23 above.

25.     This is a cause of action for infringement of the 151 patent and arises under the Patent Laws of the United States, 35 U.S.C. § 271.

26.     Upon information and belief, CRS has made, used, sold, endorsed, and/or offered to sell systems and/or methods, including services, that infringe one or more claims of the 151 patent.

27.     Upon information and belief, CRS has infringed, contributed to infringement, and/or induced infringement of the 151 patent, and continues to do so, by making, using, distributing, endorsing, selling, and/or offering for sale systems and/or methods, including services, that are covered by the 151 patent.

28.     CRS's conduct, alone or in concert with third parties, has caused and will continue to cause, Frontline irreparable harm to its business, reputation and goodwill, and such conduct will continue unless enjoined by this Court.

29.    CRS, by acts of infringement, alone or in concert with third parties, has damaged Frontline and unlawfully derived profits and gains, which Frontline would otherwise have received and to which Frontline is entitled.

## JURY TRIAL DEMAND

30.    Frontline hereby demands trial by jury.

WHEREFORE, Frontline respectfully requests:

A.    Entry of final judgment that CRS has infringed the 151 patent;

B.    Entry of an order preliminarily and permanently enjoining CRS and those in active concert with it, from further infringement of the 151 patent;

C.    An award of damages adequate to compensate Frontline for all acts of infringement of the 151 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

D.    A declaration that this is an exceptional case and for an award to Frontline of its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285; and

E.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

WOODCOCK WASHBURN LLP

Dated:  June 18, 2006          By: _____
                                   John P. Donohue, Jr. (Atty. ID # 25703)

John E. McGlynn (Atty. ID # 79661)
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19103
(215) 568-3100

Attorneys for Frontline Placement Technologies, Inc.