IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRS, INC., <br><br><br> Defendant. | Civil Action No.: 2:07-cv-2457 <br><br> Hon. Eduardo C. Robreno <br><br> **JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiff Frontline Placement Technologies, Inc. ("Frontline"), by its

attorneys, for its Complaint against Defendant CRS, Inc. ("CRS") alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action for patent infringement arising under the Patent Laws

of the United States including, without limitation, 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338(a),

1331, and 1367.

3.      This Court has personal jurisdiction over CRS pursuant to

Pennsylvania's long arm statute, 42 Pa. C.S.A. §§ 5301 et seq.  Upon information and belief,

CRS, acting alone or in concert with third parties, is engaged in substantial and not isolated

activities within the Commonwealth of Pennsylvania, in part within this district, including

knowingly receiving money from the use of its infringing products and services in Pennsylvania, and intentionally selling products and services to third parties for use in Pennsylvania.  CRS, acting alone or in concert with third parties, is making, using, selling, offering for sale, and/or endorsing infringing systems and methods in the Commonwealth of Pennsylvania.  CRS, acting alone or in concert with third parties, has intentionally caused, and continues to cause, injury in Pennsylvania.

4.      Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**THE PARTIES**

5.      Frontline is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 5 Great Valley Parkway, Suite 150, Malvern, Pennsylvania 19355.

6.      Frontline is in the business of providing services and technologies that facilitate locating substitute workers to fill scheduled worker absences.

7.      Upon information and belief, CRS is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 926 Plaza Drive, Montoursville, Pennsylvania 17754.

8.      CRS competes with Frontline in the market for providing substitute worker location services.

**FACTUAL BACKGROUND**

9.      In 1998, Frontline developed a system, referred to as Aesop, that facilitates automated posting of worker absences and scheduling of substitute workers to fill those absences.  Users access the Aesop system via the Internet using a Web interface or via

2

a telephone interactive voice response (IVR) system.  Customers access Aesop to post worker absences for which substitutes are needed.  Substitute workers access Aesop to search for posted worker absences and to commit to filling vacancies.

10.     Since creating Aesop, Frontline has been the fastest-growing automated substitute placement company in the education market, currently serving over 2000 school districts in over 45 states.  Aesop has been embraced internationally as well and is used by customers in Canada, Russia, and the United Kingdom.

11.     Upon information and belief, CRS acting alone or in concert with third parties, developed systems and services, including those referred to as SubFinder, to compete against Frontline and Frontline's Aesop system.  CRS's systems and services include features and functions that were originally developed by Frontline and first appeared in Frontline's Aesop system.

### FRONTLINE'S 151 PATENT

12.     On January 6, 2004, U.S. Patent No. 6,675,151 (the "151 patent"), titled "System and Method for Performing Substitute Fulfillment Information Compilation and Notification," was duly and legally issued by the United States Patent and Trademark Office ("PTO") in the names of Roland R. Thompson and Michael S. Blackstone.  A true and correct copy of the 151 patent is attached as Exhibit A.

13.     Frontline is the assignee and owner of all rights, title, and interest in and to the 151 patent, including the right to assert all causes of action arising under the 151 patent and the right to any remedies for infringement of the 151 patent.

3

### FRONTLINE'S PRIOR LAWSUIT FOR
### INFRINGEMENT OF THE 151 PATENT

14.     CRS, by its making, using, selling, and offering to sell systems and services in competition with Frontline's Aesop system, infringed the 151 patent.

15.     On February 10, 2004, Frontline's predecessor entity, Frontline Data, Inc., filed an action (*Frontline Data, Inc. v. CRS, Inc*., CA No. 2:04-cv-00570-ER (the "prior litigation")) in this district against CRS for infringement of the 151 patent.

16.     In November 2004, while the prior litigation was pending, Frontline Data, Inc. entered into an agreement (the "license agreement") with CRS granting CRS a limited license under the 151 patent.  A true and correct copy of the license agreement is attached as Exhibit B.

17.     On November 8, 2004, and as a consequence of Frontline having granted and CRS having taken a license to the 151 patent under the license agreement, a Notice of Stipulated Dismissal Without Prejudice was filed in connection with the prior litigation.

### CRS'S BREACH OF THE LICENSE AGREEMENT AND
### INFRINGEMENT OF THE 151 PATENT

18.     As a condition of the limited license granted by Frontline, CRS was obligated, amongst other things, to pay royalties at a prescribed rate to Frontline.

19.     CRS breached the license agreement by failing to satisfy its obligations under the license agreement including, without limitation, its obligation to pay royalties at a prescribed rate.

20.     Frontline notified CRS of its material breach of the license agreement and provided CRS with an opportunity to cure the breach.

4

21.     CRS did not cure its breach and repudiated its obligations under the license agreement.

22.     On June 15, 2007, Frontline notified CRS that the license agreement was terminated.

23.     Upon information and belief, even though the license agreement has been terminated, CRS continues making, using, selling, and offering to sell systems and services that result in infringement of Frontline's rights under the 151 patent.

### SUSPENSE OF PRESENT ACTION

24.     Frontline filed a Complaint against CRS in the present action on June 18, 2007.  The Complaint included a count for infringement of the 151 patent.

25.     CRS filed an Answer and Counterclaim in the present action on July 24, 2007.

26.     On August 9, 2007, a Request for Ex Parte Reexamination of the 151 patent was filed in the PTO.

27.     Frontline filed a Reply to CRS's Counterclaim in the present action on August 13, 2007.

28.     On October 24, 2007, the PTO issued an Order granting ex parte reexamination of claims 3 through 13 of the 151 patent.

29.     In a letter to the Court dated November 16, 2007, the parties jointly requested that the present action be stayed.

30.     The Court issued an Order placing the action in suspense on November 19, 2007 pending resolution of the reexamination.

*REEXAMINATION OF 151 PATENT*

31.     During reexamination of 151 patent, the PTO reexamined claims 3 through 13 of the originally issued 151 patent.  Claims 14 through 55 were added to the 151 patent during the reexamination proceedings.

32.     On October 20, 2009, the PTO issued a reexamination certificate ("reexam certificate") specifying that amended claims 3, 6, and 9, and added claims 14 through 55, as listed in the reexam certificate, are patentable over the references considered during the reexamination.  A true and correct copy of the PTO's reexam certificate is attached hereto as Exhibit C.

*FRONTLINE'S 519 PATENT*

33.     On September 30, 2008, while the ex parte reexamination of the 151 patent was proceeding at the PTO, U.S. Patent No. 7,430,519 (the "519 patent"), titled "Substitute Fulfillment System," was duly and legally issued by the PTO in the names of Roland R. Thompson, Michael S. Blackstone, and Ralph Julius.  A true and correct copy of the 519 patent is attached as Exhibit D.

34.     The 519 patent is a continuation-in-part of the 151 patent.

35.     Frontline is the assignee and owner of all rights, title, and interest in and to the 519 patent, including the right to assert all causes of action arising under the 519 patent and the right to any remedies for infringement of the 519 patent.

## COUNT FOR INFRINGEMENT OF THE 151 PATENT

36.     Frontline incorporates herein the allegations set forth in paragraphs 1-35 above.

37.     This is a cause of action for infringement of the reexamined 151 patent and arises under the Patent Laws of the United States, 35 U.S.C. § 271.

38.     Upon information and belief, CRS has infringed and continues to infringe the reexamined 151 patent under at least 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, systems, components, and/or methods for substitute placement, including without limitation, systems, components, and methods associated with CRS's SubFinder.

39.     Upon information and belief, CRS has, and continues to induce infringement and/or contribute to infringement of the reexamined 151 patent under 35 U.S.C. § 271 (b) and/or (c), by making, using, distributing, endorsing, selling, offering for sale, and/or importing systems, components, and/or methods for substitute placement, including without limitation, systems, components, and/or methods associated with CRS's SubFinder.

40.     CRS's conduct, alone or in concert with third parties, has caused and will continue to cause, Frontline irreparable harm to its business, reputation and goodwill, and such conduct will continue unless enjoined by this Court.

41.     CRS, by acts of infringement, alone or in concert with third parties, has damaged Frontline and unlawfully derived profits and gains, which Frontline would otherwise have received and to which Frontline is entitled.

42.     Upon information and belief, CRS's infringement was, and continues to be, willful, entitling Frontline to trebled damages.

43.     CRS's infringement renders this case exceptional within the meaning of 35 U.S.C. § 285, entitling Frontline to recover its attorney fees and expenses.


**COUNT FOR INFRINGEMENT OF THE 519 PATENT**

44.     Frontline incorporates herein the allegations set forth in paragraphs 1-35 above.

45.     This is a cause of action for infringement of the 519 patent and arises under the Patent Laws of the United States, 35 U.S.C. § 271.

46.     Upon information and belief, CRS has infringed and continues to infringe the 519 patent under at least 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, systems, components, and/or methods for substitute placement, including without limitation, systems, components, and/or methods associated with CRS's SubFinder.

47.     Upon information and belief, CRS has, and continues to induce infringement of and/or contribute to infringement of the 519 patent under 35 U.S.C. § 271 (b) and/or (c), by making, using, distributing, endorsing, selling, offering for sale, and/or importing systems, components, and/or methods for substitute placement, including without limitation, systems, components, and/or methods associated with CRS's SubFinder.

48.     CRS's conduct, alone or in concert with third parties, has caused and will continue to cause, Frontline irreparable harm to its business, reputation and goodwill, and such conduct will continue unless enjoined by this Court.

49.     CRS, by acts of infringement, alone or in concert with third parties, has damaged Frontline and unlawfully derived profits and gains, which Frontline would otherwise have received and to which Frontline is entitled.

50.     Upon information and belief, CRS's infringement was, and continues to be, willful, entitling Frontline to trebled damages.

51.     CRS's infringement renders this case exceptional within the meaning of 35 U.S.C. § 285, entitling Frontline to recover its attorney fees and expenses.

## COUNT FOR BREACH OF CONTRACT

52.     Frontline incorporates herein the allegations set forth in paragraphs 1-51 above.

53.     By its actions as alleged herein, CRS breached the license agreement.

54.     As a result of this breach, Frontline has been damaged in an amount to be proven at trial.

55.     Frontline is entitled to recover damages for breach of contract during the time the license agreement was in effect, together with interest and attorneys' fees.

## JURY TRIAL DEMAND

56.     Frontline hereby demands trial by jury.

WHEREFORE, Frontline respectfully requests:

A.     Entry of final judgment that CRS has infringed the reexamined 151 patent, induced others to infringe the reexamined 151 patent, and contributed to others infringement of the reexamined 151 patent;

B.      Entry of an order preliminarily and permanently enjoining CRS and those in active concert with it, from further infringement, inducement of infringement, and contributory infringement of the reexamined 151 patent;

C.      An award of damages adequate to compensate Frontline for all acts of infringement of the reexamined 151 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court, and that such damages be trebled pursuant to 35 U.S.C. § 284;

D.      Entry of final judgment that CRS has infringed the 519 patent, induced others to infringe the 519 patent, and contributed to others infringement of the 519 patent;

E.      Entry of an order preliminarily and permanently enjoining CRS and those in active concert with it, from further infringement, inducement of infringement, and contributory infringement of the 519 patent;

F.      An award of damages adequate to compensate Frontline for all acts of infringement of the 519 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court, and that such damages be trebled pursuant to 35 U.S.C. § 284;

G.      A declaration that this is an exceptional case and for an award to Frontline of its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285; and

H.      A judgment that CRS has breached the license agreement.

I.      An award of damages adequate to compensate Frontline for breach of the license agreement during the time it was in effect, together with interest and attorneys' fees.

J.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  January 14, 2010                    By:  ___/s John E. McGlynn_____

John P. Donohue, Jr. (Atty. ID # 25703)
John E. McGlynn (Atty. ID # 79661)
Woodcock Washburn LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19103
(215) 568-3100

R. Scott Tewes (Ga. Bar No. 702677)
Tewes Law Group LLC
Sugarloaf Corporate Center
2180 Satellite Blvd., Suite 400
Duluth, GA 30097
(678) 382-0388

Attorneys for Frontline Placement Technologies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Frontline's Amended Complaint was

served via Electronic Case Filing (ECF) upon the following:

Charles S. Marion, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia  PA  19103
Email: marionc@pepperlaw.com


Darrel C. Karl, Esquire
Finnegan, Henderson, Farabow,
  Garrett & Dunner LLP
901 New York Avenue, N. W.
Washington  D. C.  20001-4113
Email: darrel.karl@finnegan.com



/s John E. McGlynn
John E. McGlynn


Date: January 14, 2010