IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC.<br><br>        Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>CRS, INC.,<br><br>        Defendant/Counterclaim Plaintiff. | Civil Action No.: 2:07-cv-2457<br><br>Hon. Eduardo C. Robreno<br><br>**JURY TRIAL DEMANDED** |

## AMENDED ANSWER AND COUNTERCLAIMS

Defendant CRS, Inc., by and through its undersigned attorneys, answers the Amended Complaint of Plaintiff Frontline Placement Technologies, Inc. as follows:

### JURISDICTION AND VENUE

1.      Admitted.

2.      Admitted.

3.      Admitted that this Court has personal jurisdiction over CRS pursuant to Pennsylvania's long arm statute, 42 Pa. C.S.A. §§ 5301 et seq., that CRS, acting alone or together with third parties, is engaged in substantial and not isolated activities within the Commonwealth of Pennsylvania, in part within this district, and is intentionally selling products and services to third parties for use in Pennsylvania. The remaining allegations of Paragraph 3 of the Amended Complaint are denied.

4.      Admitted.

## THE PARTIES

5. CRS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 and, accordingly, denies such averments.

6. Admitted.

7. Admitted.

8. Admitted that CRS competes with Frontline to provide certain types of substitute worker location services. The remaining allegations of Paragraph 8 of the Amended Complaint are denied.

## FACTUAL BACKGROUND

9. Admitted that Frontline uses a system, referred to as Aesop, that facilitates posting of worker absences and substitute placement, that users may access the Aesop system via the Internet using a Web interface or via a telephone interactive voice response (IVR) system, that customers may access Aesop to post worker absences for which substitutes are needed, and that substitute workers may access Aesop to search for posted worker absences and to commit to filling vacancies. CRS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 9 of the Amended Complaint and, accordingly, denies such averments.

10. CRS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Amended Complaint and, accordingly, denies such averments.

11. Admitted that CRS acting alone or together with third parties developed systems and services, including those referred to as SubFinder, which compete with Frontline's later-

developed Aesop system.  The remaining allegations of Paragraph 11 of the Amended Complaint are denied.

### *FRONTLINE'S '151 PATENT*

12.     Admitted that on January 6, 2004, U.S. Patent No. 6,675,151 (the '151 patent), titled "System and Method for Performing Substitute Fulfillment Information Compilation and Notification," was issued by the United States Patent and Trademark Office ("PTO") in the names of Roland R. Thompson and Michael S. Blackstone, and that a copy of the '151 patent is attached as Exhibit A to the Amended Complaint.  CRS does not have sufficient information to admit or deny if the copy of the '151 patent is a true and correct copy and states that the copy of the '151 patent is a document that speaks for itself.  The remaining allegations of Paragraph 12 of the Amended Complaint are denied.

13.     CRS states that the '151 patent is a document that speaks for itself.  CRS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 13 of the Amended Complaint and, accordingly, denies such averments.

### *FRONTLINE'S PRIOR LAWSUIT FOR INFRINGEMENT OF THE '151 PATENT*

14.     Denied.  By way of further response, the allegations contained in Paragraph 14 are conclusions of law to which no response is required.

15.     Admitted that, on February 10, 2004, Frontline's predecessor filed an action in this district against CRS.  It is specifically denied that CRS infringed the '151 patent.

16.     Admitted that, in November 2004, Frontline Data, Inc. entered into an agreement with CRS granting CRS a limited license under, *inter alia*, the '151 patent, and that a true and correct copy of the license agreement is attached as Exhibit B to the Amended Complaint.  The remaining allegations of Paragraph 16 of the Amended Complaint are denied.

17. Admitted that, on November 8, 2004, a Notice of Stipulated Dismissal Without Prejudice was filed in connection with the prior litigation. The remaining allegations of Paragraph 17 of the Amended Complaint are denied.

### *CRS'S BREACH OF THE LICENSE AGREEMENT AND INFRINGEMENT OF THE '151 PATENT*

18. Admitted that, in consideration of the license granted to CRS, Section 3 of the license agreement sets forth the terms and conditions under which a license fee in the form of a royalty shall be paid to Frontline. The remaining allegations of Paragraph 18 of the Amended Complaint are denied.

19. Denied. By way of further response, the allegations contained in Paragraph 19 are conclusions of law to which no response is required.

20. Admitted that Frontline notified CRS that it believed that CRS was in breach of the license agreement and provided CRS with an opportunity to cure the alleged breach. The remaining allegations of Paragraph 20 of the Amended Complaint are denied.

21. Admitted that CRS's actions were not accepted by Frontline as a cure of any alleged breach. The remaining allegations of Paragraph 21 of the Amended Complaint are denied.

22. Admitted that, on June 15, 2007, Frontline told CRS that it was terminating the license agreement. The remaining allegations of Paragraph 22 of the Amended Complaint are denied.

23. Denied.

### *SUSPENSE OF PRESENT ACTION*

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

## *REEXAMINATION OF '151 PATENT*

31. Admitted.

32. Admitted that, on October 20, 2009, the PTO issued a reexamination certificate ("reexam certificate") that included amended claims 3, 6, and 9 and new claims 14 through 55, and that a copy of the reexamination certificate is attached as Exhibit C to the Amended Complaint. CRS does not have sufficient information to admit or deny if the copy of the reexam certificate is a true and correct copy and states that the copy of the reexam certificate is a document that speaks for itself. The remaining allegations of Paragraph 32 of the Amended Complaint are denied.

## *FRONTLINE'S '519 PATENT*

33. Admitted that, on September 30, 2008, while the ex parte reexamination of the '151 patent was pending at the PTO, U.S. Patent No. 7,430,519 (the '519 patent), titled Substitute Fulfillment System," was issued by the PTO in the names of Roland R. Thompson, Michael S. Blackstone, and Ralph Julius, and that a copy of the '519 patent is attached as Exhibit D to the Amended Complaint. CRS does not have sufficient information to admit or deny if the copy of the '519 patent is a true and correct copy and states that the copy of the '519 patent is a document that speaks for itself. The remaining allegations of Paragraph 33 of the Amended Complaint are denied.

34. Admitted that the '519 patent purports to be a continuation-in-part of the '151 patent. The remaining allegations of Paragraph 34 of the Amended Complaint are denied.

35. CRS states that the '519 patent is a document that speaks for itself. CRS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 35 and, accordingly, denies such averments.

## COUNT FOR INFRINGEMENT OF THE '151 PATENT

36. CRS incorporates herein the answers set forth in Paragraphs 1-35 above.

37. Admitted that Frontline purports to bring a cause of action for infringement of the reexamined '151 patent. By way of further response, the allegations contained in Paragraph 37 are conclusions of law to which no response is required.

38. Denied. By way of further response, the allegations contained in Paragraph 38 are conclusions of law to which no response is required.

39. Denied. By way of further response, the allegations contained in Paragraph 39 are conclusions of law to which no response is required.

40. Denied. By way of further response, the allegations contained in Paragraph 40 are conclusions of law to which no response is required.

41. Denied. By way of further response, the allegations contained in Paragraph 41 are conclusions of law to which no response is required.

42. Denied. By way of further response, the allegations contained in Paragraph 42 are conclusions of law to which no response is required.

43. Denied. By way of further response, the allegations contained in Paragraph 43 are conclusions of law to which no response is required.

## COUNT FOR INFRINGEMENT OF THE '519 PATENT

44. CRS incorporates herein the answers set forth in Paragraphs 1-35 above.

45. Admitted that Frontline purports to bring a cause of action for infringement of the '519 patent. By way of further response, the allegations contained in Paragraph 45 are conclusions of law to which no response is required.

46. Denied. By way of further response, the allegations contained in Paragraph 46 are conclusions of law to which no response is required.

47. Denied. By way of further response, the allegations contained in Paragraph 47 are conclusions of law to which no response is required.

48. Denied. By way of further response, the allegations contained in Paragraph 48 are conclusions of law to which no response is required.

49. Denied. By way of further response, the allegations contained in Paragraph 49 are conclusions of law to which no response is required.

50. Denied. By way of further response, the allegations contained in Paragraph 50 are conclusions of law to which no response is required.

51. Denied. By way of further response, the allegations contained in Paragraph 51 are conclusions of law to which no response is required.

## COUNT FOR BREACH OF CONTRACT

52. CRS incorporates herein the answers set forth in Paragraphs 1-51 above.

53. Denied.

54. Denied.

55. Denied.

56. No answer required.

**AFFIRMATIVE DEFENSES**

CRS asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

**First Defense: Failure to State A Claim**

Frontline's Amended Complaint fails to state a claim upon which relief can be granted.

**Second Defense: Non-Infringement**

CRS has not infringed and does not infringe any valid, enforceable claim of the reexamined '151 patent or the '519 patent.

**Third Defense: Invalidity**

The reexamined '151 patent and the '519 patent are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

**Fourth Defense: Unenforceability**

The reexamined '151 patent and the '519 patent are unenforceable due to actions taken by Frontline to coerce royalty payments from CRS that amount to patent misuse.

**Fifth Defense: Unclean Hands**

Frontline is barred under the doctrine of unclean hands from obtaining any relief or recovery against CRS.

**Sixth Defense: License**

CRS was granted a world-wide, non-exclusive license, with the right to grant sublicenses, under the claims of the '151 patent, the reexamined '151 patent, and the '519 patent to make, use, import, offer to sell, or sell education substitute fulfillment products and services that was wrongfully terminated by Frontline.

### Seventh Defense: Intervening Rights

Frontline is barred under the doctrine of intervening rights from obtaining any relief or recovery against CRS for the infringement of the reexamined '151 patent.

### Eighth Defense: Laches

Frontline is barred under the doctrines of laches from obtaining any relief or recovery against CRS for breach of contract.

### Ninth Defense: Election of Remedies

Frontline, having elected to terminate the contract and sue for patent infringement, has waived its right to sue for breach of contract.

### JURY DEMAND

CRS requests a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendant CRS prays for relief as follows:

 A. That the Court enter judgment in favor of CRS, and against plaintiff Frontline;

 B. That the Court find that the reexamined '151 patent and the '519 patent have not been infringed by CRS;

 C. That the Court find that the reexamined '151 patent and the '519 patent are invalid;

 D. That the Court find that the reexamined '151 patent and the '519 patent are unenforceable due to patent misuse;

 E. That the Court find that Frontline is barred under the doctrine of unclean hands from obtaining any relief or recovery against CRS;

F.   That the Court find that CRS was granted a world-wide, non-exclusive license, with the right to grant sublicenses, under the claims of the '151 patent, the reexamined '151 patent, and the '519 patent to make, use, import, offer to sell, or sell education substitute fulfillment products and services, that CRS did not breach that license, and that that license was wrongfully terminated by Frontline;

G.   That the Court find that Frontline is barred under the doctrine of intervening rights from obtaining any relief or recovery against CRS for the infringement of the reexamined '151 patent;

H.   That the Court find that Frontline is barred under the doctrines of laches from obtaining any relief or recovery against CRS for breach of contract;

I.   That the Court find that Frontline, having elected to terminate the contract and sue for patent infringement, has waived its right to sue for breach of contract;

J.   That Frontline take nothing by its Amended Complaint against CRS;

K.   That the Court deny any and all of Frontline's requests for injunctive relief;

L.   That the Court dismiss Frontline's Amended Complaint in its entirety, with prejudice;

M.   That the Court find this case to be exceptional under 35 U.S.C. § 285, and award CRS its costs and fees in this action, including reasonable attorneys' fees and prejudgment interest thereon, to the full extent permitted by law;

N.   That the Court award CRS its costs and fees in this action, including reasonable attorneys' fees and prejudgment interest therein, in accordance with Section 9.2 of the license agreement to the full extent permitted by law; and

O.   That the Court grant CRS such other and further relief as it deems just and proper.

**COUNTERCLAIMS**

For its counterclaims against Frontline, CRS alleges as follows:

1. Counterclaim-Plaintiff CRS, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 926 Plaza Drive, Montoursville, Pennsylvania 17754.

2. Upon information and belief, Counterclaim-Defendant Frontline Placement Technologies, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 5 Great Valley Parkway, Suite 150, Malvern, Pennsylvania 19355.

3. This Court has personal jurisdiction over Counterclaim-Defendant Frontline Placement Technologies, Inc. pursuant to Pennsylvania's long arm statute, 42 Pa. C.S.A. §§ 5301 *et seq.* Upon information and belief, Frontline is engaged in substantial and not isolated activities within the Commonwealth of Pennsylvania, in part within this district, including receiving money from the licensing of the '151 patent, the reexamined '151 patent, and the '519 patent and making, using, selling, and/or offering for sale products and services, including products and services allegedly within the scope of the '151 patent, the reexamined '151 patent, and the '519 patent.

4. Venue is proper in this district by virtue of 28 U.S.C. § 1391(b), (c).

5. Pursuant to Section 9.2 of the parties' license agreement, Frontline has subjected to the jurisdiction and venue of this Court and waived all defenses relating to said jurisdiction and venue.

**COUNT ONE (Declaratory Judgment of Noninfringement - '151 Patent)**

6. CRS incorporates Paragraphs 1-5 of these Counterclaims as if fully set forth herein.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

8. CRS is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the reexamined '151 patent.

**COUNT TWO (Declaratory Judgment of Patent Invalidity - '151 Patent)**

9. CRS incorporates Paragraphs 1-5 of these Counterclaims as if fully set forth herein.

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

11. CRS is entitled to a declaratory judgment that the reexamined '151 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

**COUNT THREE (Declaratory Judgment of Noninfringement - '519 Patent)**

12. CRS incorporates Paragraphs 1-5 of these Counterclaims as if fully set forth herein.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

14. CRS is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '519 patent.

**COUNT FOUR (Declaratory Judgment of Patent Invalidity - '519 Patent)**

15. CRS incorporates Paragraphs 1-5 of these Counterclaims as if fully set forth herein.

16. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

17. CRS is entitled to a declaratory judgment that the '519 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

**COUNT FIVE (Declaratory Judgment of No Breach of Contract by CRS)**

18. CRS incorporates Paragraphs 1-5 of these Counterclaims as is fully set forth herein.

19. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1367 and 2201-02.

20. In November 2004, Frontline's predecessor-in-interest, Frontline Data, Inc., entered into a license agreement with CRS granting CRS a limited license under *inter alia*, the '151 patent, the subsequently issued reexamined '151 patent, and the subsequently issued '519 patent. A true and correct copy of this license agreement is attached as Exhibit B to Frontline's Amended Complaint.

21. CRS has fully complied with its obligations under the terms of the parties' license agreement, including the royalty obligations set forth in Section 3.1 of the license agreement.

22. Notwithstanding CRS's compliance, a genuine controversy has arisen between the parties regarding CRS's compliance with its obligations under the terms of the parties' license agreement.

23. CRS is entitled to a declaratory judgment that it has not breached the parties' license agreement (or, in the alternative, that any alleged breach was not material), and that CRS, its sublicensees, and their customers were entitled and continue to be entitled to practice the subject matter claimed in the '151 patent, the reexamined '151 patent, the '519 patent, and any other patent licensed by Frontline in accordance with the terms of the parties' license agreement.

### COUNT SIX (Breach of Contract - Wrongful Contract Termination)

24. CRS incorporates Paragraphs 1-5 and 20-23 of these Counterclaims as if fully set forth herein.

25. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1367 and 2201-02.

26. Frontline owed, and continues to owe, CRS a duty and covenant of good faith and fair dealing under the license agreement.

27. Frontline has acted in bad faith, breached its duty of good faith and fair dealing under the license agreement, and materially breached the parties' license agreement by wrongfully terminating it on June 15, 2007.

28. Frontline's wrongful termination of the parties' license agreement has caused and will continue to cause CRS irreparable harm to its business, reputation, and goodwill, and such damage will continue unless Frontline is enjoined by this Court from asserting that CRS materially breached the license agreement or that CRS, its sublicensees, or their customers have no right to practice the subject matter claimed in the '151 patent, the reexamined '151 patent, the '519 patent, or any other patent licensed under the parties' license agreement.

29. Frontline's wrongful termination of the parties' license agreement has monetarily damaged CRS. Further monetary damages in the form of lost sales, lost ancillary sales, price erosion, and the like are reasonably foreseeable so long as Frontline continues to refuse to

acknowledge that CRS, its sublicensees, and their customers were entitled and continue to be entitled to practice the subject matter claimed in the '151 patent, the reexamined '151 patent, the '519 patent, or any other patent licensed by the Frontline in accordance with the terms of the parties' license agreement and/or asserts that the actions of CRS or its sublicensees constitute infringement of Frontline's patents, causing CRS to lose business to Frontline or its licensees.

### COUNT SEVEN (Breach of Contract - Most Favored Nations Clause)

30. CRS incorporates Paragraphs 1-5 and 20-23 of these Counterclaims as if fully set forth herein.

31. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1367 and 2201-02.

32. On information and belief, Frontline breached the parties' license agreement by failing to accord CRS most favored nation treatment and to reduce the royalty obligation of CRS and its sublicensees in accordance with the language of Section 3.3 of the parties' license agreement.

33. On information and belief, Frontline's breach of the parties' license agreement has monetarily damaged CRS.

### JURY DEMAND

CRS requests a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff CRS prays for relief as follows:

A. That the Court enter final judgment in favor of CRS, and against Counterclaim-Defendant Frontline on all Counts;

B. That the Court enter a declaratory judgment that CRS has not infringed and does not infringe any valid, enforceable claim of the reexamined '151 patent;

C.  That the Court enter a declaratory judgment that the reexamined '151 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112;

D.  That the Court enter a declaratory judgment that CRS has not infringed and does not infringe any valid, enforceable claim of the '519 patent;

E.  That the Court enter a declaratory judgment that the '519 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112;

F.  That the Court enter a declaratory judgment that CRS has not breached the parties' license agreement (or, in the alternative, that any alleged breach was not material), and that CRS, its sublicensees and their customers are entitled to practice the subject matter claimed in the reexamined '151 patent, the '519 patent, or any other patent licensed by Frontline in accordance with the terms of the parties' license agreement;

G.  That the Court find that Frontline has breached the parties' license agreement by wrongfully terminating it on June 15, 2007;

H.  That the Court enter an order preliminarily and permanently enjoining Frontline from asserting that CRS materially breached the parties' license agreement or that CRS, its sublicensees, or their customers have no right to practice the inventions claimed in the reexamined '151 patent, the '519 patent, or any other patent licensed under the parties' license agreement;

I.  That the Court enter an award on money damages with interest resulting from Frontline's wrongful termination of the parties' license agreement;

J.       That the Court find that Frontline has breached the parties' license agreement by failing to accord CRS most favored nation treatment and to reduce the royalty obligation of CRS and its sublicensees in accordance with the language of Section 3.3 of the parties' license agreement;

K.       That the Court order Frontline to refund to CRS license fees with interest collected by Frontline from CRS and its sublicensees in excess of that required by the terms of the parties' license agreement or, in the alternative, to apply such amounts as a set-off against any damage claim it successfully asserts in this action;

L.       That the Court take into consideration the amount of license fees collected by Frontline from CRS and its sublicensees in excess of that required by the terms of the parties' license agreement in determining whether CRS committed a material breach of the license agreement;

M.       That Frontline take nothing by its Amended Complaint against CRS;

N.       That the Court deny any and all of Frontline's requests for injunctive relief;

O.       That the Court dismiss Frontline's Amended Complaint in its entirety, with prejudice;

P.       That the Court find this case to be exceptional under 35 U.S.C. § 285, and award CRS its costs and fees in this action, including reasonable attorneys' fees and prejudgment interest therein, to the full extent permitted by law;

Q.       That the Court award CRS its costs and fees in this action, including reasonable attorneys' fees and prejudgment interest therein, in accordance with Section 9.2 of the license agreement to the full extent permitted by law;

R.	That, in the event that the Court finds that a royalty is owed as a matter of equity to Frontline based on licensed activity on the part of CRS and/or its sublicensees under circumstances where no royalty is expressly or unambiguously set forth in the parties' license agreement, the license agreement be reformed to specify a fair and equitable royalty payment for such licensed activity in the future; and

S.	That the Court grant CRS such other and further relief as it deems just and proper.

Respectfully submitted,

Dated:  February 3, 2010	By:  /s/ *Darrel C. Karl*
	Finnegan, Henderson, Farabow,
	  Garrett & Dunner, L.L.P.
	901 New York Avenue, N.W.
	Washington, D.C. 20001-4413
	(202) 408-4000

	Charles S. Marion (PA 56509)
	Noah S. Robbins (PA 206803)
	Pepper Hamilton LLP
	3000 Two Logan Square
	Eighteenth and Arch Streets
	Philadelphia, PA 19103-2799
	(215) 981-4119

	Attorneys for CRS, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2010, a true and correct copy of the foregoing **Amended Answer and Counterclaims** was filed electronically via the Court's ECF system upon the following counsel for Frontline Placement Technologies, Inc., and is available for viewing and downloading from the ECF system:

    John P. Donohue, Jr.  (Atty. ID # 25703)
    John E. McGlynn  (Atty. ID # 79661)
    WOODCOCK WASHBURN LLP
    Cira Centre — 12th Floor
    2929 Arch Street
    Philadelphia, PA 19103
    (215) 568-3100
    mcglynn@woodcock.com
    Donohue@woodcock.com

    R. Scott Tewes  (Ga. Bar No. 702677)
    TEWES LAW GROUP LLC
    Sugarloaf Corporate Center
    2180 Satellite Blvd., Suite 400
    Duluth, GA 30097
    (678) 382-0388
    STewes@teweslaw.com

                                   /s/ Darrel C. Karl
                                    Darrel C. Karl