IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRS, INC., <br><br><br> Defendant. | Civil Action No.: 2:07-cv-02457 <br><br> Hon. Eduardo C. Robreno |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS RELATED TO THE 519 PATENT AND MOTION TO AMEND THE COMPLAINT TO REMOVE PLAINTIFF'S COUNT FOR INFRINGEMENT OF THE 519 PATENT**

Plaintiff Frontline Technologies, Inc.[1] ("Frontline") respectfully moves this Court to dismiss CRS's third and fourth counterclaims seeking a declaratory judgment that U.S. Patent No. 7,430,519 (the "519 Patent") is not infringed by CRS and that the 519 Patent is invalid. Frontline has recently granted a covenant not to sue CRS for infringement of the 519 Patent. In view of that covenant, the Court no longer has jurisdiction over CRS's counterclaims related to the 519 Patent.

Further, Frontline respectfully moves this Court permit it to amend the complaint (D.I. 29) to remove the count for infringement of the 519 Patent. In view of Frontline's covenant not to sue CRS for infringement of the 519 Patent, this count in the complaint is moot.

---

[1] On February 10, 2011, Frontline Placement Technologies, Inc. changed its name to Frontline Technologies, Inc. An appropriate paper addressing this name change will be filed shortly.

Although agreement for the language in the covenant was attempted, Frontline expects this motion will be contested because the parties could not agree on language in the last paragraph of the covenant. The grounds for this motion are set forth in the accompanying memorandum, which is incorporated herein by reference.

Dated: August 15, 2011

<div style="margin-left: 3em;">

/s/ *John P. Donohue*
John P. Donohue, Jr. (Atty. ID # 25703)
John E. McGlynn (Atty. ID # 79661)
Woodcock Washburn, LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19103
(215) 568-3100

R. Scott Tewes (Ga. Bar No. 702677)
Tewes Law Group LLC
Sugarloaf Corporate Center
2180 Satellite Blvd., Suite 400
Duluth, GA 30097
(678) 382-0388

Attorneys for Frontline Placement Technologies, Inc.

</div>

- -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRS, INC., <br><br><br><br> Defendant. | Civil Action No.: 2:07-cv-02457 <br><br> Hon. Eduardo C. Robreno |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS RELATED TO THE 519 PATENT AND MOTION TO AMEND THE COMPLAINT TO REMOVE PLAINTIFF'S COUNT FOR INFRINGEMENT OF THE 519 PATENT**

**I.      INTRODUCTION**

Plaintiff, Frontline Technologies, Inc.[1] (Frontline) respectfully requests the Court to dismiss any and all counterclaims related to U.S. Patent No. 7,430,519 (the "519 Patent"). Specifically, pursuant to Federal Rule of Civil Procedure 12(b)(1) Frontline requests that the Court dismiss from the CRS's Amended Answer and Counterclaims (D.I. 30) COUNT THREE (Declaratory Judgment of Noninfringement - '519 Patent) and COUNT FOUR (Declaratory Judgment of Patent Invalidity - '519 Patent). Frontline has recently granted CRS and its customers a covenant not to sue for infringement of the 519 Patent. *See* Attachment A ("Covenant"). In view of the Covenant, jurisdiction for claims related to the 519 Patent no

---

[1] On February 10, 2011, Frontline Placement Technologies, Inc. changed its name to Frontline Technologies, Inc. An appropriate paper addressing this name change will be filed shortly.

longer exists.  Additionally, in view of the Covenant pursuant to Federal Rule of Civil Procedure 15(a)(2), Frontline requests to amend the Amended Complaint (D.I. 29) to remove its COUNT FOR INFRINGEMENT OF THE 519 PATENT.

Although agreement for the language in the Covenant was attempted, this motion will be contested because the parties could not agree on language in the last paragraph of the covenant.

**II.    BACKGROUND**

In a letter to the Court on August 3, 2011, Frontline expressed its concern over the U.S. Patent and Trademark Office's (USPTO) decision to grant reexamination of the 519 Patent, and in particular over the possibility that the USPTO decision could delay trial in this case.  Frontline expressed its conclusion that the best way to avoid any delay resulting from the reexamination decision would be to remove the counts and counterclaims related to the 519 Patent.  Frontline proposed removing those causes of action by granting CRS a covenant not to sue and by moving to dismiss its count and those counterclaims related to the 519 Patent.

In that same August 3, 2011 letter, Frontline also informed the Court that it had raised this issue with CRS to determine if CRS would agree to withdraw its declaratory judgment counterclaims related to the 519 Patent or not oppose a motion seeking to dismiss those counts.  A proposed covenant not to sue was provided to CRS.  During the past twelve days, the parties have been conferring on appropriate language for inclusion in the covenant.  Although much progress was made on the covenant language, the parties could not reach a final agreement.  As a result, Frontline has executed a covenant not to sue (Attachment A) which it believes removes jurisdiction for those CRS counterclaims related to the 519 Patent.

**III.    THE COVENANT NOT TO SUE**

As will be appreciated from reviewing the Covenant, Frontline has unconditionally covenanted to not sue CRS for any form of infringement for any claim of the 519 Patent. Frontline has also unconditionally covenanted to not sue CRS for any claim that might be issued as a result of the ex parte reexamination granted by the U.S. Patent and Trademark Office for the 519 Patent (No. 90/011,656) (the "Reexamination Proceeding"). These unconditional covenants extend to the following entities, products, and acts:

(1) CRS and any of CRS's customers or users;

(2) those portions of any products and services sold by CRS on or before August 12, 2011 for performing substitute fulfillment via a communications link; and

(3) any sales made before, on or after August 12, 2011.

During the course of communications on the covenant provisions, CRS raised the issue that the covenant should also extend to future upgrades of its products and services. Although the issue of whether a covenant not to sue needs to include future upgrades is arguable, Frontline has also provided for the Covenant to include future upgrades using the language suggested by CRS for this purpose.

The one significant issue surrounding the Covenant on which the parties could not agree is Paragraph 5, specifically the first sentence. Frontline believes the Covenant should be personal to the present owners of CRS. Should ownership of CRS change, the Covenant no longer applies. CRS has argued that the Covenant should pass to any entity that assumes the business, acquires the company, or acquires the assets of the company. Frontline does not agree and the case law does not require it.

## IV. CRS'S COUNTERCLAIMS FOR INVALIDITY AND NON-INFRINGEMENT OF THE 519 PATENT SHOULD BE DISMISSED BECAUSE THE COURT NO LONGER HAS JURISDICTION

CRS asserts in its Amended Answer that this Court has subject matter jurisdiction for its Third and Fourth Counterclaims under 28 U.S.C. §§ 2201-02 of the Declaratory Judgment Act. Paragraphs 13 and 16 of CRS Amended Answer and Counterclaims (D.I. 30).

The Declaratory Judgment Act provides in pertinent part the following:

> that, "[i]n **a case of actual controversy** within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."28 U. S. C. §2201(a) (emphasis added).

In 2006, the Supreme Court summarized its precedent for satisfying the so-called "case-or-controversy" requirement of the Declaratory Judgment Act as follows:

> *Aetna* [300 U.S. 227 (1937)] and the cases following it do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not. Our decisions have required that the dispute be "**definite and concrete**, touching the legal relations of parties having adverse legal interests"; and that it be "**real and substantial**" and "admi[t] of specific relief through **a decree of a conclusive character**, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*, at 240–241. In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U. S. 270, 273 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, **of sufficient immediacy and reality** to warrant the issuance of a declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (U.S. 2007) (emphasis added)

In declaratory judgment actions, the case-or-controversy requirement must be extant at all stages not merely at the time the complaint is filed. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant. *Id.*

- 4 -

In *Revolution Eyewear* the covenant not to sue read as follows:

> Revolution and counter-defendant Gary Zelman hereby unconditionally covenant not to sue Aspex for patent infringement under the '913 patent based upon any activities and/or products made, used, or sold on or before the dismissal of this action (03-5965 case).

The Federal Circuit held the covenant did not remove jurisdiction because it did not extend to future sales of the same products as was previously sold. The Court distinguished this covenant from that in *Super Sack Manufacturing Corp. v. Chase Packaging Corp.,* 57 F.3d 1054 (Fed. Cir. 1995) where Super Sack's promise not to sue extended to "bulk bags previously or currently manufactured or sold …" *Revolution Eyewear* 556 F.3d at 1298. In the instant case, Frontline has covenanted not to sue CRS for manufacture, use, importation, sale, or offer of sale of any SubFinder System **on, before or after** the Covenant Date. SubFinder System is defined to include products and/or services sold by CRS on or prior to the Covenant Date.

In *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010), Ablaise covenanted not to sue Dow Jones for infringement based on manufacture, importation, use, sale and/or offer for sale of currently existing products or use of methods. In response to an assertion by Dow Jones that the covenant did not cover past products or existing licenses, Ablaise clarified that its covenant extended to Dow Jones' past products or use and includes Dow Jones' licensees' use of any Dow Jones' website or product. *Id.* At 1345. In the instant case, Frontline has covenanted not to sue CRS for any SubFinder System on, before or after the Covenant Date and not to sue any CRS customers (mediate or immediate), licensees, resellers, distributors or other authorized users or sellers.

One of the issues in Dow Jones was whether or not a failure to include Dow Jones' parent company, News Corporation, or any of News Corporation's subsidiaries, divisions or other affiliates, prevented the covenant from extinguishing jurisdiction. The Federal Circuit held that

the parent company was a legally distinct entity that was not liable for the acts of its subsidiary and therefore insulated from liability. *Id.* At 1348-49. As a result, the covenant was deemed to be sufficient to extinguish the controversy between Ablaise and Dow Jones and divest the district court of its Article III jurisdiction. *Id.*

In the present case, the remaining issue is whether the restriction in Paragraph 5 of the Covenant, limiting the Covenant to CRS under its present ownership and control, acts to maintain jurisdiction over the 519 Patent. Under the Medimmune guidance, taking the Covenant into account, the inquiry is whether there is any remaining *definite and concrete* or *real and substantial* or a *sufficiently immediate and real* circumstance to warrant the issuance of a declaratory judgment.

Frontline knows of none. Frontline asked CRS whether there was any presently planned sale of CRS or present negotiations for the sale of CRS. No concrete and substantial circumstances were identified. Accordingly, in view of the Covenant, there does not appear to be any definite, concrete, real, substantial, sufficiently immediate and real circumstance that would act to maintain jurisdiction.

Accordingly, subject matter jurisdiction for CRS's counterclaims for noninfringement and invalidity of the 519 Patent has been extinguished and those counterclaims should be dismissed under Rule 12(b)(1).

## V. FRONTLINE SHOULD BE PERMITTED TO AMEND ITS COMPLAINT TO REMOVE THE COUNT FOR INFRINGEMENT OF THE 519 PATENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure reads as follows:

(a) Amendments Before Trial.

\* \* \*

(2) Other Amendments.

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Frontline requests permission to remove its count for infringement of the 519 Patent. A proposed Second Amended Complaint is attached which reflects such removal. *See* Attachment B.

In *SL Waber, Inc. v. American Power Conversion Corp.*, 135 F. Supp. 2d 521, 527 (D.N.J. 1990) the plaintiff sued for infringement of two patents and the defendant counterclaimed for invalidity and non-infringement of both patents. After providing a first and a supplemental covenant not to sue for one of the patents, plaintiff moved to dismiss the declaratory judgment counterclaims for that same patent and moved to amend its complaint to remove a claim for infringement of that same patent. The trial court held that Rule 41(a)(2) of the Federal Rules of Civil Procedure did not apply to a situation where less than the entire action is being dismissed and permitted the plaintiff to amend the complaint under Rule 15(a)(2).

As CRS pointed out to the Court by letter of July 25, 2011, a third party named West Educational Leasing, Inc. d/b/a/PCMI West filed a petition with the U.S. Patent and Trademark Office ("USPTO") to reexamine various claims of the 519 Patent. The request to reexamine was granted on July 8, 2011. As Frontline indicated in a response letter on July 28, 2011, Frontline first learned that the reexamination request had been granted on Monday, July 11, 2011, and that Frontline was considering the effect of the reexamination on the present litigation. On August 3, 2011, Frontline expressed its concern that the reexamination process could delay the trial and expressed its conclusion that the best procedure for ensuring that reexamination will not cause further delay was to remove the infringement claims related to the 519 Patent.

As a result of the USPTO decision, Frontline is faced with two alternatives, namely, to delay trial to allow the reexamination proceeding to run its course or to remove the 519 Patent

from this case. Although reluctant to do so, Frontline perceived removal of the 519 Patent as the only way to move the case forward.

Frontline had no control over either the party seeking reexamination of the 519 Patent or over the USPTO decision to grant reexamination.

## VI.     CONCLUSION

For the foregoing reasons, Frontline respectfully requests that the Court grant its Motion to Dismiss Defendant's Counterclaims Related to the 519 Patent and Motion to Amend the Complaint to Remove Plaintiff's Count for Infringement of the 519 Patent.

Dated:  August 15, 2011

*/s/ John E. McGlynn*
John P. Donohue, Jr. (Atty. ID # 25703)
John E. McGlynn (Atty. ID # 79661)
Woodcock Washburn, LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19103
(215) 568-3100

R. Scott Tewes (Ga. Bar No. 702677)
Tewes Law Group LLC
Sugarloaf Corporate Center
2180 Satellite Blvd., Suite 400
Duluth, GA 30097
(678) 382-0388

Attorneys for Frontline Placement Technologies, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRS, INC., <br><br><br><br> Defendant. | **Civil Action No.: 2:07-cv-02457** <br><br> Hon. Eduardo C. Robreno |

**[PROPOSED] ORDER**

AND NOW, on this ___ day of _____, 2011, it is hereby ORDERED that Frontline's Motion to Dismiss Defendant's Counterclaims Related to the 519 Patent and Motion to Amend the Complaint to Remove Plaintiff's Count for Infringement of the 519 Patent (Docket No. ____) is GRANTED.

.

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC.,<br><br>     Plaintiff,<br><br> v.<br><br>CRS, INC.,<br><br><br>     Defendant. | Civil Action No.: 2:07-cv-02457<br><br>Hon. Eduardo C. Robreno |

## CERTIFICATION OF COUNSEL

In accordance with Federal Rule of Civil Procedure 37(a) and Local Rule of Civil Procedure 26.1(f), the undersigned hereby certifies that Plaintiff, after a good faith and reasonable effort with Defendants' counsel, has been unable to resolve this dispute without Court action. The specifics of the efforts to resolve this dispute are set forth in the attached memorandum.

Dated:  August 15, 2011            _/s/ John E. McGlynn_
                                  John E. McGlynn

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of August, 2011, the foregoing PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS RELATED TO THE 519 PATENT AND MOTION TO AMEND THE COMPLAINT TO REMOVE PLAINTIFF'S COUNT FOR INFRINGEMENT OF THE 519 PATENT was served via Electronic Case Filing (ECF) on the following:

>Darrel C. Karl, Esquire
>Finnegan, Henderson, Farabow,
>  Garrett & Dunner LLP
>901 New York Avenue, N. W.
>Washington  D. C.  20001-4113
>Email: darrel.karl@finnegan.com
>
>Charles S. Marion, Esquire
>Pepper Hamilton LLP
>3000 Two Logan Square
>18th & Arch Streets
>Philadelphia  PA  19103
>Email: marionc@pepperlaw.com
>
>Noah S. Robbins, Esquire
>Pepper Hamilton LLP
>3000 Two Logan Square
>18th & Arch Streets
>Philadelphia  PA  19103
>Email: robbinsn@pepperlaw.com


>*/s/ John E. McGlynn*
> John E. McGlynn
> Woodcock Washburn, LLP
> Cira Centre – 12th Floor
> 2929 Arch Street
> Philadelphia, PA 19103
> (215) 568-3100